**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AKIM BETSEY,**

                     **Petitioner,**         **5:05-CV-0678**
    **vs.**                                                     **(NAM)**
                                                                  **Related Criminal Action**
**UNITED STATES OF AMERICA,**                 **03-CR-0243**

                       **Respondent.**
_____

**APPEARANCES**                                **OF COUNSEL:**

Akim Betsey
12094-052
United States Penitentiary
P.O. Box 26030
Beaumont, TX 77720-6030
Petitioner, *Pro Se*

Office of the United States Attorney        John M. Katko, Esq.
P.O. Box 7198                                        Assistant U.S. Attorney
100 S. Clinton Street
Syracuse, NY 13261-7198
Attorney for Respondent

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

**I.**      **BACKGROUND[1]**

The record reflects that on June 19, 2003, following a criminal investigation conducted by law enforcement agents which sought to curtail illegal drug sales in the Syracuse, New York area, petitioner *pro se* Akim Betsey and numerous other individuals were indicted by a federal grand jury sitting in the Northern District of New York. *See* 03-CR-0243, Dkt. No. 1. That accusatory

---

[1] The background information contained in this Memorandum-Decision and Order is derived from the documents filed in the present civil action, *Betsey v. United States*, 1:05-CV-0678 ("05-CV-0678"), as well as the file of the related criminal matter, *United States v. Betsey*, 5:03-CR-0243 (N.D.N.Y.) ("03-CR-0243").

body subsequently returned a Superceding Indictment against Betsey and others. *See* 03-CR-0243, Dkt. No. 69 ("Superceding Indictment"). In that instrument, Betsey was charged with conspiring to violate 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organization Act ("RICO"), through his membership in a criminal enterprise that involved himself and numerous other individuals. *See* Superceding Indictment, Count One. Betsey was also charged in that indictment with possessing with intent to distribute and distributing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. Superceding Indictment, Count Two.

On February 11, 2004, following negotiations between Betsey's appointed counsel and Assistant United States Attorney John Katko ("AUSA Katko"), the parties advised this Court that Betsey had entered into a plea agreement with the Government wherein he agreed to plead guilty to the first count in the Superceding Indictment, which charged him with violating 18 U.S.C. § 1962(d), in satisfaction of the charges brought against him in that accusatory instrument. *See* 03-CR-0243, Dkt. Nos. 229 (copy of Betsey's plea agreement with Government) (hereinafter "Plea Agreement") and 230 (minute entry relating to change of plea). In his Plea Agreement, Betsey also agreed to waive his right to appeal, or collaterally attack through a Motion to Vacate brought pursuant to 28 U.S.C. § 2255, his judgment of conviction as well as any sentence of imprisonment of 168 months or less. *See id.* at ¶ 11.

At the proceeding over which this Court presided wherein Betsey formally entered his change of plea, he admitted that he had engaged in the conduct alleged in the first count of the Superceding Indictment. *See* Transcript of Change of Plea (2/11/04) (03-CR-0243, Dkt. No. 373) ("Plea Tr.") at p. 7. AUSA Katko then discussed in detail the factual and legal bases for the charges brought against Betsey. *See* Plea Tr. at pp. 13-16. This Court then engaged in an

2

extensive colloquy with Betsey during which he: i) admitted that he understood the nature of the charges against him; ii) declared that he was pleading guilty freely and voluntarily; iii) heard the evidence which the Government possessed against him that would be utilized by the prosecutor at trial; iv) admitted that he was responsible for between 50 and 150 grams of crack cocaine related to the conspiracy; and v) acknowledged that he was aware that if he was sentenced to a term of imprisonment of 168 months or less that he could not withdraw his guilty plea. *See* Plea Tr. at pp. 18-20. This Court thereafter concluded that Betsey was competent to enter the plea, that he understood the nature of the charges against him and the consequences of his guilty plea, and that he was voluntarily entering that plea. *Id.* at p. 22. This Court therefore accepted Betsey's guilty plea. *Id.*

On December 13, 2004, Betsey appeared before this Court for sentencing. *See* Transcript of Sentencing (12/13/04) (03-CR-0243, Dkt. No. 621) ("Sentencing Tr."). At that proceeding, this Court noted that the total offense level applicable to Betsey was 31 and that his criminal history category was level V. *Id.* at p. 7. Consequently, the Court noted that he was subject to a range of imprisonment under the United States Sentencing Guidelines of between 168 and 210 months. *Id.* This Court thereafter sentenced Betsey to a term of imprisonment of 168 months, the bottom of the range of imprisonment to which he was subject under the Guidelines. *Id.* at p. 8. Betsey did not file any appeal relating to his conviction or sentence.

On May 25, 2005, Betsey filed his Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. *See* 05-CV-0678, Dkt. No. 1 ("Motion to Vacate"). Attached to that pleading is a supporting memorandum of law ("Supporting Mem."). In his application, Betsey alleges that his trial counsel rendered ineffective assistance when he failed to object to defects

3

which petitioner claims existed in the Superceding Indictment. *See* Motion to Vacate, Ground One. In his second ground, Betsey asserts that his conviction and sentence violate the principles announced by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). *See* Motion to Vacate, Ground Two. In a "supplement" Betsey filed on June 20, 2005 (*see* 03-CR-0243, Dkt. No. 619) ("Supplement"), Betsey acknowledges that the Supreme Court's decision in *Booker* may not be applied retroactively to his petition. *See id.* at p. 1. However, he asserts an additional claim for relief in his Supplement; he argues that this Court did not have any jurisdiction over him because the Superceding Indictment was jurisdictionally defective. *See id.* at pp. 2-4.

The Government filed its response in opposition to Betsey's Motion to Vacate and Supplement on September 9, 2005. 05-CV-0678, Dkt. No. 5. Included in that submission is a memorandum of law in opposition to Betsey's application. *See* Attachment to Dkt. No. 5 ("Resp. Mem."). Petitioner thereafter filed a reply memorandum of law in further support of the present motion. 05-CV-0678, Dkt. No. 7 ("Reply").

**II. DISCUSSION**

    **A.** <u>**Waiver of Right to Appeal**</u>

Respondent initially argues that Betsey is precluded from raising his claims in this collateral challenge to his conviction in light of the waiver he executed in his Plea Agreement. *See* Resp. Mem. at pp. 9-10.

"It is well established in this Circuit that a knowing and voluntary waiver of the right to appeal is enforceable." *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002) (citing *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)); *see DeLeon v. United States*, Nos. 02 CIV. 9745, 00 CR. 1236, 2003 WL 21769836, *3 (S.D.N.Y. July 30, 2003) (defendant's waiver

of right to appeal sentence that is within an agreed upon Sentencing Guidelines range "is enforceable when a 'defendant ... knowingly and voluntarily enters into a plea agreement containing a waiver of appeal rights and obtains the benefits of such an agreement'") (quoting *United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir. 1998)).  Thus, where the hearing held in conjunction with a plea agreement establishes that the defendant entered into the agreement voluntarily and with an understanding of its terms, including the waiver of his right to file an appeal or collateral challenge to his conviction, the waiver provision is enforceable.  *See Liberato v. United States*, Nos. 99 CR 137, 01 CIV. 3056, 2001 WL 930238, *5 (S.D.N.Y. Aug. 16, 2001) (citation omitted).

In the related criminal matter, Betsey specifically acknowledged during the plea allocution that he understood that, under the terms of the Plea Agreement, he was waiving his right to file either an appeal or a collateral attack regarding his conviction and sentence if he were sentenced to a term of imprisonment of 168 months or less.  *See* Plea Tr. at pp. 17-19.  Therefore, at first blush, it would appear that respondent properly claims that Betsey is necessarily barred from maintaining this action.

However, in *Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192 (2d Cir. 2002), the Second Circuit noted that "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, [such as a] plea agreement." *Id.*, 308 F.3d at 195-96 (citation omitted).

The initial theory asserted by Betsey in his Motion to Vacate challenges the effectiveness of his counsel in failing to move to dismiss the Indictment to which Betsey ultimately pleaded guilty.  *See* Motion to Vacate, Ground One.  Since "'the very product of the alleged ineffectiveness'

5

... cannot fairly be used to bar a claim of ineffective assistance of counsel," *Sharpley v. United States*, No. 06-CV-1178, 2007 WL 1851786, at *2 (N.D.N.Y. June 27, 2007) (Kahn, J.) (internal quotation marks and citations omitted), Betsey is not prohibited from asserting in this action his challenge regarding the performance of his counsel in connection with Betsey's guilty plea to the RICO charge. *See Frederick*, 308 F.3d at 195-96; *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (ineffective assistance argument survives a waiver of appeal when the assistance affected either the validity of the waiver or the plea itself) (internal quotation and citation omitted); *Sharpley*, 2007 WL 1851786, at *2.

Furthermore, Betsey's jurisdictional challenge to his conviction which he asserts in his Supplement may also be properly brought by him notwithstanding his waiver of his right to file a collateral challenge regarding his conviction. *E.g.*, *Sunal v. Large*, 332 U.S. 174, 178-79 (1947) (habeas petition may be maintained notwithstanding failure to appeal "where there was a conviction by a federal court whose jurisdiction over the person or the offense was challenged") (footnote omitted).

The Court therefore considers the substance of Betsey's claims notwithstanding the validity of the waiver described above.

**B.     Merits of Betsey's Claims**

**1.     Ground One**

Betsey's first ground alleges that his trial attorney rendered ineffective assistance of counsel. *See* Motion to Vacate, Ground One.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his

6

defence." This right to counsel necessarily entitles a defendant to the effective assistance of such counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Under the now familiar two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), an individual who claims he received the ineffective assistance of counsel must demonstrate that: 1) the representation "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and 2) such deficient representation prejudiced the defendant. *Id.* at 694. *See Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006); *United States v. Champion*, 234 F.3d 106, 109 (2d Cir. 2000).

In his first ground for relief, Betsey argues that the Superceding Indictment is defective – and that defense counsel wrongfully failed to move to dismiss that instrument – because it failed to refer to 18 U.S.C. § 1963(a), which discusses the penalties to which individuals who violate 18 U.S.C. § 1962 are subject. *See* Motion to Vacate, Ground One; Supporting Mem. at p. 2. Betsey argues that because of that omission from the Superceding Indictment, "the sentencing court lack[ed] jurisdiction to impose sentence" on Betsey. Supporting Mem. at p. 2. He further asserts that the Superceding Indictment was defective because it failed to charge Betsey with violating 21 U.S.C. § 841(a)(1) & (b)(1)(A).[2] *See* Supporting Mem. at pp. 2-3.

Addressing first the defects Betsey claims existed in the Superceding Indictment relating to 21 U.S.C. § 841(a)(1) & (b)(1)(A), *see* Supporting Mem. at p. 2; Reply at pp. 2-3, the Court notes that Betsey neither pleaded guilty to, nor was sentenced for, a violation of 21 U.S.C. § 841(a). *See* Plea Tr. at p. 7 (Betsey pleading guilty to violating 18 U.S.C. § 1962(d)); Sentencing Tr. at p. 8

---

[2] 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally ... to ... distribute ... or possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 841(b)(1)(A) discusses the penalties that may be imposed for individuals found guilty of violating 21 U.S.C. § 841(a).

7

(Court imposing sentence on Betsey for conspiracy to engage in racketeering activity).  Thus, even assuming, *arguendo*, that counsel improperly failed to object to the Superceding Indictment due to defects that purportedly existed in that instrument *vis-a-vis* 21 U.S.C. § 841, because Betsey was not convicted of, or sentenced for, violating 21 U.S.C. § 841, he clearly was not prejudiced by counsel's failure to object to such claimed deficiency in the Superceding Indictment.

Betsey also argues that counsel wrongfully failed to move to dismiss the RICO charge in the Superceding Indictment because it did not charge him with violating 18 U.S.C. § 1963(a).  *See* Supporting Mem. at p. 2.  Petitioner claims that by:

> fail[ing] to charge by indictment section 1963(a)[,] submit it to the jury or prove beyond the reasonable doubt ... the government fail[ed] to perform its obligation [and] the sentencing court lack[ed] jurisdiction to impose sentence.

Supporting Mem. at p. 2.

In addressing this claim, the Court initially considers the minimum threshold which an indictment must meet to be legally sufficient.

In *United States v. De La Pava*, 268 F.3d 157 (2d Cir. 2001), the Second Circuit noted that:

> Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED.R.CRIM.P. 7(C)(1).  An indictment must sufficiently inform the defendant of the charges against him and provide enough detail so that he may plead double jeopardy in a future prosecution based on the same set of events.  *See United States v. Goodwin*, 141 F.3d 394, 401 (2d Cir. 1997).  An indictment, however, need not be perfect, and common sense and reason are more important than technicalities.  *See id.* at 401 ("[T]he precision and detail formerly demanded are no longer required, imperfections of form that are not prejudicial are disregarded, and common sense and reason prevail over technicalities.)" (quoting Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 123, at 347 (1982)).

8

*De La Pava*, 268 F.3d at 162; *see also United States v. Rigas*, 281 F.Supp.2d 660, 668 (S.D.N.Y. 2003) (quoting *De La Pava*).  Thus, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974)).   Although it may be "advisable" for an indictment to refer to the specific penalties to which a defendant would be subject upon conviction, it has been held that such alleged defects are not legally significant unless the omission "involve[s] an essential element of the crime." *Concepcion v. United States*, 181 F.Supp.2d 206, 236 (E.D.N.Y. 2002).

For a defendant to be found guilty of violating 18 U.S.C. § 1962(d), the Government must establish that:  1) the defendant was either employed by, or associated with, the criminal enterprise alleged in the indictment; 2) such individual unlawfully, willfully and knowingly conspired with at least one other person to participate in the conduct of the affairs of that enterprise; and 3) the enterprise affected interstate commence. *United States v. Paloscio*, No. 99 CR. 1199, 2003 WL 1872657, at *12 (S.D.N.Y. Apr. 10, 2003).

The Superceding Indictment returned against Betsey alleged that:  i) he was a member of an existing criminal enterprise known as the Boot Camp gang; 2) Betsey unlawfully, willfully and knowingly conspired with numerous other individuals in committing the criminal actions of that enterprise, including:  a) murder; b) conspiring to possess with intent to distribute crack cocaine and marijuana; c) obstruction of justice; and d) witness tampering; and 3) the activities of the enterprise affected interstate commence. *See* Superceding Indictment, Count One.  That instrument detailed numerous overt acts in which the members of the conspiracy were alleged to

9

have engaged, including four criminal acts that specifically referenced Betsey. *See id.* at ¶¶ 4, 5, 9, 11 and 31.

The foregoing establishes that the Superceding Indictment fairly informed Betsey of the charges against him, and enabled him to plead an acquittal or conviction to prohibit any future prosecutions against him for the charged offenses. Betsey has cited no authority, and this Court could locate no case, that stands for the proposition that an indictment that charges a violation of 18 U.S.C. § 1962 is fatally defective if it fails to also refer to the penalty provision of that statute, 18 U.S.C. § 1963.

Since the Superceding Indictment plainly satisfies the relatively modest requirement that federal indictments "be a plain, concise and definite written statement of the essential facts constituting the offense charged." *See* FED.R.CRIM.P. 7(C)(1); *see also De La Pava*, 268 F.3d at 162, trial counsel's failure to move to dismiss the Superceding Indictment with respect to the 18 U.S.C. § 1962 charge was not suggestive of ineffective assistance. *See*, *e.g.*, *Goodwin v. United States*, No. 05-CV-0689, 2006 WL 3848685, at *6 (N.D.N.Y. Dec. 29, 2006) (McAvoy, J.) (where petitioner failed to establish that indictment was defective, ineffective assistance claim relating to counsel's failure to move to dismiss indictment denied as meritless); *Concepcion*, 181 F.Supp.2d at 236 (denying § 2255 claim which alleged that Indictment alleging RICO violations was defective because it failed to reference 18 U.S.C. § 1963). Thus, this ground in his Motion to Vacate must be denied.

### 2. **Supplemental Ground**[3]

---

[3] As noted above, in his Reply, petitioner withdrew his *Booker*-based challenge to his sentence, recognizing the fact that such a challenge may not properly be asserted in a motion brought pursuant to 28 U.S.C. § 2255. *See* Reply at p. 2; *see also Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005) (*passim*).

Next, in the supplemental claim Betsey asserted in the submission filed herein on June 20, 2005, he claims that 21 U.S.C. § 846 is a "dependant statute" that, standing alone, could not properly provide this Court with jurisdiction over him. Supplement at p. 3. Betsey specifically argues that because he was not charged in the Superceding Indictment with violating 21 U.S.C. § 841(a), the Court must grant his Motion to Vacate because it did not have jurisdiction to criminally try him. Supplement at p. 3. He asserts that "[t]he same principle applies to the governments [*sic*] failure to charge movant with a violation of Title 18 United States Code § 1963." *Id.*

However, Betsey's argument regarding the Superceding Indictment's reference to 21 U.S.C. § 846 is factually flawed. Careful review of that instrument reveals that it charged Betsey with, *inter alia*, "conspiracy to possess with intent to distribute cocaine base (crack) and marijuana, in violation of Title 21, United States Code Sections ***841(a)*** and 846." *See* Superceding Indictment at p. 8 (emphasis added). Thus, petitioner's claim that such indictment was defective because it "failed to charge an[] offense under title 21 USC 841(a)(1)," *see* Supplement at p. 2, is squarely contradicted by the Superceding Indictment itself.

Next, although such indictment does not refer to 18 U.S.C. § 1963(a), the penalty provision relating to violations of 18 U.S.C. § 1962(d), petitioner's argument that such omission rendered the Superceding Indictment jurisdictionally defective overlooks the fact that, as is discussed more fully above, no case law interpreting § 1962(d) suggests that an indictment charging that offense is defective if it fails to refer to § 1963. *E.g.*, *Concepcion*, 181 F.Supp.2d at 236.

Regardless, Betsey's arguments that the defects he claims existed in the Superceding Indictment deprived this Court of ***jurisdiction*** over him, *see* Supplement at p. 3 (emphasis added), appears to overlook the fact that the Supreme Court has clearly held that defects in a federal

11

indictment are ***not*** jurisdictional and therefore do not deprive a court of its power to adjudicate a case.  *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (citation omitted); *see also Walker v. United States*, 306 F.Supp. 2d 215, 224 (N.D.N.Y. 2004) (Munson, S.J.) (citing *Cotton*).

Since petitioner's supplemental claim that defects which existed in the Superceding Indictment deprived this Court of jurisdiction over him is both factually and legally flawed, this supplemental claim must be denied.

Finally, Betsey appears to argue that this Court improperly determined the quantity of drugs involved in his criminal conduct, notwithstanding the fact that drug quantity was not referenced in the Superceding Indictment, when this Court determined Betsey's base offense level for purposes of his sentencing.  *See* Supplement at p. 4; Reply at pp. 2-3.  However, in his plea agreement, Betsey specifically agreed that he was responsible "for at least 50 but less than 150 grams of cocaine base (crack)."  *See* Plea Agreement at p. 4; *see also* Plea Tr. at pp. 15-16.  In light of the admissions Betsey made regarding drug quantity in his plea agreement and during his allocution, this Court could properly make factual findings regarding the drug quantity involved in his criminal conduct for sentencing purposes.[4]  *See Lara v. United States*, No. 05 CIV. 4177, 2006 WL 3771012, at *5 (S.D.N.Y. Dec. 15, 2006).  Furthermore, since Betsey's sentence of 168 months did not exceed the applicable statutory maximum relating to his conviction, i.e., life imprisonment (*see* Plea Agreement at ¶ 2(a) (citing 18 U.S.C. § 1963(a)); Plea Tr. at pp. 16-17), the Court's determination of Betsey's offense level for sentencing purposes was proper.  *E.g. United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002); *Lara*, 2006 WL 3771012, at *5.

In light of the foregoing, the claims raised by Betsey in his Supplement must be denied.

---

[4] Nothing before the Court suggests that Betsey's guilty plea was not knowingly, intelligently and voluntarily made.

### III. CONCLUSION

After carefully reviewing the files in this matter and the related criminal action, the parties' submissions, the applicable law, and for the reasons stated herein, it is hereby

**ORDERED,** that petitioner's Motion to Vacate is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties by electronic or regular mail.

**IT IS SO ORDERED.**

Date: March 24, 2008

_____
Norman A. Mordue
Chief United States District Court Judge

13